UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN M. DAVIS,

    Plaintiff,

        v.                            CAUSE NO. 3:21-CV-656-JD-MGG

KAWAISKI, et al.,

    Defendants.

## OPINION AND ORDER

Shawn M. Davis, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis, who is housed at the St. Joseph County Jail, states that, on August 4, 2021, Sgt. Coleman came to his pod to find out if any of the inmates had an interest in working as a trustee. ECF 1 at 2. Davis told Sgt. Coleman he would like to work as a trustee and submitted a written request for the job. *Id*. Officer Kawaiski later told Davis he had been approved for the job, but, at some point, things changed, and he was not

given the job. *Id*. at 2-3. Davis maintains that he does not know why Officer Kawaiski changed his mind about reclassifying him and placing him in the trustee job. *Id*. at 3.

In his complaint, Davis alleges that Officer Kawaiski violated his constitutional rights when Officer Kawaiski changed his mind about giving him the trustee job. ECF 1 at 2. However, a prisoner does not have a liberty or property interest in a prison job, and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Davis also alleges that Officer Kawaiski violated his rights because he intentionally discriminated against him on the basis of his race. *Id*. However, other than his conclusory assertion, Davis has failed to allege any facts to support these allegations. Therefore, Davis has not stated claims against Officer Kawaiski.

Furthermore, Davis has sued St. Joe County Staff Members. As a practical matter his case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, Davis cannot proceed against St. Joe County Staff Members.

While Davis's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Davis prepares his amended complaint, he should explain in his own words what happened, when it happened, where it

happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Shawn M. Davis;

(2) GRANTS Shawn M. Davis until **December 9, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Shawn M. Davis that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on November 9, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT