UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN M. DAVIS,

    Plaintiff,

    v.     CAUSE NO. 3:21-CV-656-JD-MGG

KAWAISKI,

    Defendant.

OPINION AND ORDER

Shawn M. Davis, a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As in his original complaint, Davis asserts that, in August 2021, Officer Kawaiski told him he had been approved for a trustee job at the St. Joseph County Jail. ECF 7 at 2. However, in early September, things changed, and he was not given the job. *Id*. Davis believes that Kawaiski decided to terminate the hiring process after he saw a photo of Davis on the prison's computer and recognized him as an inmate who had been housed in the old jail years earlier and who he did not like because he sued Kawaiski's friend in

2004. *Id*. at 3, 5-6. He states Kawaiski abused his authority because he did not follow the rules outlined in the jail's handbook regarding the process that should be used when selecting inmates for trustee jobs. *Id*. at 2-3, 6. Davis also believes that Kawaiski did not give him the trustee job because he is African-American. *Id*. at 3, 5.

Davis alleges that Kawaiski violated his constitutional rights when he changed his mind about giving him the trustee job. ECF 7 at 3, 5. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. However, a prisoner does not have a liberty or property interest in a prison job, and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). The change in circumstances Davis describes—not being given the trustee job—does not pose either an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, Davis has not stated a due process claim.

Next, Davis asserts that Kawaiski decided not to give him the trustee job because he is African-American. ECF 7 at 3, 5. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418

2

U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Davis must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id*. However, other than his conclusory assertion, Davis has not alleged facts that show Kawaiski intentionally discriminated against him by not placing him in the trustee job. Thus, Davis may not proceed on this claim.

Furthermore, Davis may not sue Kawaiski for allegedly failing to follow jail policy and guidelines. Failure to follow policy does not amount to a constitutional violation. *Scott v. Edinburg* 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Davis has not stated a claim.

Finally, to the extent Davis is asserting a retaliation claim against Kawaiski, he has not plausibly alleged a link between his filing a lawsuit against Kawaiski's friend in 2004 and Kawaiski's decision not to give Davis the trustee job. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (the plaintiff must show there is "a causal link between the

protected act and the alleged retaliation"). Therefore, Davis cannot proceed on this claim.

Davis has already been given an opportunity to correct the deficiencies in his original complaint by filing an amended complaint but has failed to do so. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on January 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT